**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

No. 24-4082

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JARMARL THORNTON,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:21-cr-00080-REP-1)

───────────────

Submitted:  October 16, 2025                           Decided:  October 20, 2025

───────────────

Before KING, AGEE, and RICHARDSON, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Salvatore M. Mancina, Assistant Federal Public Defender, Laura J. Koenig, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Erik S. Siebert, United States Attorney, Stephen W. Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarmarl Thornton pled guilty, pursuant to a conditional plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute fentanyl and cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court classified Thornton as a career offender and sentenced him to 151 months' imprisonment. Thornton appeals, and we affirm.

Thornton first challenges his § 922(g)(1) conviction as unconstitutional under *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). But as Thornton acknowledges, both his facial and as-applied challenges to § 922(g)(1)'s constitutionality are squarely foreclosed by our decisions in *United States v. Canada*, 123 F.4th 159 (4th Cir. 2024), and *United States v. Hunt*, 123 F.4th 697 (4th Cir. 2024).

Next, Thornton challenges his career offender classification by relying on *United States v. Campbell*, 22 F.4th 438, 441-44 (4th Cir. 2022) (holding that West Virginia offense of delivery of crack cocaine, which defined "delivery" to include "attempted transfer," was not a "controlled substance offense" under the Sentencing Guidelines). Thornton contends that his prior drug conviction under Va. Code Ann. § 18.2-248 does not categorically qualify as a controlled substance offense under U.S. Sentencing Guidelines Manual § 4B1.2(b) (2021) because—unlike that operative version of the Guidelines Manual—the statute covers attempt offenses. But we recently rejected the same argument in *United States v. Nelson*, __ F.4th __, __, 2025 WL 2372029, at *4 (4th Cir. Aug. 15, 2025), where we confirmed that Va. Code Ann. § 18.2-248 remains a proper career offender predicate.

2

Because the arguments Thornton raises on appeal are foreclosed by binding precedent, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*